

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00003-CR

_____

JOHN TURNER GRAY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th District Court
Collin County, Texas
Trial Court No. 366-80583-2014

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

John Turner Gray punched Elisha Popplewell on the left side of her face with such force that "part of [her] face was completely shattered." A jury convicted Gray of aggravated assault with a deadly weapon causing serious bodily injury, and he was sentenced to sixteen years' imprisonment and ordered to pay a $10,000.00 fine. On appeal,[1] Gray challenges the legal sufficiency of the evidence to support the finding that Popplewell suffered serious bodily injury as defined in the Texas Penal Code.[2] Because we find the evidence legally sufficient, we affirm the trial court's judgment.

## I.       Standard of Review

In evaluating legal sufficiency of the evidence, we must review all the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found, beyond a reasonable doubt, that Popplewell suffered serious bodily injury. *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hollaway v. State*, 446 S.W.3d 847, 851 (Tex. App.—Texarkana 2014, no pet.); *Estrada v. State*, 334 S.W.3d 57, 61 (Tex. App.—Dallas 2009, no pet.).

"In our examination, we defer to the responsibility of the jury 'to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Hollaway*, 446 S.W.3d at 851 (quoting *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim.

---

[1]Originally appealed to the Fifth Court of Appeals in Dallas, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We follow the precedent of the Fifth Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

[2]In companion cases 06-16-00004-CR, 06-16-00005-CR, and 06-16-00006-CR, Gray also appeals from a conviction of criminal mischief, and two convictions of continuous violence against the family.

App. 2007) (citing *Jackson*, 443 U.S. at 318–19)). "Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge." *Id.* (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).

The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.* (quoting *Malik*, 953 S.W.2d at 240); *see Estrada*, 334 S.W.3d at 61. The indictment alleged that Gray caused serious bodily injury to Popplewell by striking her with his hand.

## II.    Analysis

The punch knocked Popplewell unconscious, and she was transported by an ambulance to the hospital. CT scans revealed that her cheekbone was fractured in three places, rotated, and displaced and that she sustained injuries to the eye socket and "the interior front wall of the sinus on the left side." Dr. Mark Craig, the oral and maxillofacial surgeon that performed Popplewell's surgery, testified that her "face was flattened," leading to malocclusion of her teeth, and that her eye was "entrapped," which prevented her from looking upward. Craig testified that, without surgical intervention, Popplewell would have been permanently disfigured and would have suffered "protracted loss or impairment of her eye function," including the possibility of double vision.

The Texas Penal Code defines serious bodily injury as "physical pain, illness, or any impairment of physical condition" that "causes serious permanent disfigurement, or protracted loss, or impairment of the function of any bodily member or organ." TEX. PENAL CODE ANN.

3

§ 1.07(a)(8), (46) (West Supp. 2015). "'[T]here are no wounds that constitute 'serious bodily injury'' per se." *Hollaway*, 446 S.W.3d at 851 (quoting *Jackson v. State*, 399 S.W.3d 285, 292 (Tex. App.—Waco 2013, no pet.)).

Here, Gray disputes neither that the attack occurred nor that Popplewell was injured. Rather, he argues that the evidence fails to establish that the injuries suffered by Popplewell constituted serious bodily injury because surgical intervention saved her from disfigurement or loss of her eye function. However, our analysis is guided directly by the Texas Court of Criminal Appeals' opinion in *Blea v. State*, 483 S.W.3d 29 (Tex. Crim. App. 2016). *Blea* held that appellate courts are not to consider the effect of medical treatment in assessing whether a victim's injuries meet the statutory definition of serious bodily injury. *Id.* at 32, 34.

In light of Craig's testimony that Popplewell would have suffered permanent disfigurement and protracted loss of function in her eye absent surgical intervention, we find the evidence legally sufficient for a rational jury to conclude that Popplewell suffered serious bodily injury as a result of Gray's assault. Accordingly, we overrule Gray's sole point of error.

## III. Conclusion

We affirm the trial court's judgment.


Bailey C. Moseley
Justice

Date Submitted:     June 16, 2016
Date Decided:       June 17, 2016

Do Not Publish

4